**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 97-50773
Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**CAROL JOHNENE MORRIS,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-97-CR-10-ALL**

_____

**May 5, 1999**

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

   Carol Johnene Morris, now Texas prisoner #488243, seeks, *pro se*, to appeal two pre-trial orders:  on 29 August 1997, denying her motion for recusal; and on 8 September 1997, denying her motion to dismiss the indictment as violative of the Speedy Trial Act. Morris was found guilty by a jury in November 1997.  Our court affirmed her conviction in late 1998.  One of her claims on appeal concerned the Speedy Trial Act claim presented now.

---

   [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court has a duty to determine *sua sponte* whether it has appellate jurisdiction. ***Mosely v. Cozby***, 813 F.2d 659, 660 (5th Cir. 1987). We have such jurisdiction over three types of appeals: (1) final orders, 28 U.S.C. § 1291; (2) certain specific types of interlocutory appeals, 28 U.S.C. § 1292(a); and (3) an appeal in which the district court has certified the question as final pursuant to FED. R. CIV. P. 54(b), 28 U.S.C. § 1292(b). ***Dardar v. Lafourche Realty Co., Inc.***, 849 F.2d 955, 957 (5th Cir. 1988). Morris' appeal is not one of the three types of appeals over which we have jurisdiction. *See **United States v. Gregory***, 656 F.2d 1132, 1136 (5th Cir. 1981). Accordingly, we **DISMISS** this appeal for lack of appellate jurisdiction. Morris' motion for appointment of counsel is **DENIED**.

*APPEAL DISMISSED; MOTION DENIED*